UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00099-GNS-HBB

ROY ANDERSON CARVER                                                              PLAINTIFF

v.

HOUCHENS FOOD GROUP, INC.;
CHARLES BLACK;
N. MILEY, REFEREE;
COMMONWEALTH OF KENTUCKY,
CABINET FOR UNEMPLOYMENT INSURANCE                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Motion to Dismiss on behalf of Defendants Commonwealth of Kentucky Cabinet for Unemployment Insurance and Referee N. Miley (DN 12). The motion is ripe for adjudication. For the reasons that follow, Defendants' motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff Roy Anderson Carver ("Carver") filed this *pro se* action on July 31, 2019, against numerous defendants,[1] including the Commonwealth of Kentucky's Cabinet for Unemployment Insurance ("Cabinet")[2] and Referee N. Miley ("Miley") (collectively "Defendants"). (Compl. 3, DN 1). Carver is suing Miley in his official capacity only, not Miley's individual capacity. (Compl. 3). Carver asserts a private right of action under 42 U.S.C. § 1983 claiming a violation of his rights under:

---

[1] The other defendants to this action include Houchens Food Group, Inc. ("Houchens") and Charles Black ("Black"), allegedly a manager of Houchens. (Compl. 2-3, DN 1).
[2] Defendants point out that the Commonwealth of Kentucky was not actually named as a defendant. (Compl. 2-3). Plaintiff's official capacity claims against Miley, however, are effectively claims against the Commonwealth.

1

>Title 42 U.S.C. Section 1981 Deprivation of Civil Rights; Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. Sections 2000e to 2000e17 (race, color, gender, religion, national origin); The Fair labor Standards Act of 1938; The Sherman Anti trust Act of 1890 and The Kentucky Civil Rights Act of 1964[.]

(Compl. 3).

Carver asserts the following as the basis for his purported claims:

> Defendant's conspired to violate plaintiff of his Fourth and Fourteenth Amendment Rights to Due Process by revolving nucleus operation of KRS 341,420; KRS 341,430; and KRS 341,450 in an "but for show cause" futile and revolving appellant process to continue to conceal, deprive, and discourage plaintiff from adequately seeking and preserving his civil rights to deny him his earned benefits thru it's appeal processes from October 7, 2018; November 16, 2018, thru January 24, 2019 to the current[.]
>
> . . .
>
> HOUCHENS FOOD GROUP INC., concealed in an timely manner to conspire to violate plaintiff of his Fourth and Fourteenth Amendment Rights when it failed to file it's Third Quarter Earnings with the Kentucky and Unemployment Commission as required by law and the failure with the Kentucky Education And Workforce Development Cabinet, Kentucky Unemployment Commission by law was to deny plaintiff his unemployment benefits he filed for on October 13, 2018 after forced separation from employment with HOUCHENS Food Group Inc., and the plaintiff's stalled attempts to litigate his claims effectively thru the Unemployment statutes governing the appeal process pursuant to KRS 341.420; KRS 341.430 and, KRS 341.450 in the state's "but for show cause" with indifference to purposely injure and deprive plaintiff of his earned state benefits and federal civil rights under the Fair Labor Standards Act of 1938; Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act of 1966[.]

(Compl. 4). Carver seeks a variety of damages and "injunctive relief" but does not specify as to what that requested injunctive relief should entail. (Compl. 5). The Cabinet and Miley filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss the claims against them on December 4, 2019. (Defs.' Mot. Dismiss 10, DN 12). Carver has not responded.

## II.  STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

2

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering a defendant's motion to dismiss, the Court will "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

### III. DISCUSSION

Defendants contend that they are immune from Carver's asserted claims against them. (Defs.' Mem. Supp. Mot. Dismiss 5-7, DN 12-1). Defendants also assert that Carver has failed to state a claim upon which relief may be granted. (Defs.' Mem. Supp. Mot. Dismiss 7-9).

Carver appears to be alleging a conspiracy on the part of all Defendants to deprive him of unemployment benefits. (Compl. 4). Carver claims that this purported conspiracy constitutes a violation of his "Fourth and Fourteenth Amendment Rights to Due Process . . . ." (Compl. 4). "To the extent [a plaintiff] attempt[s] to assert direct constitutional claims, . . . we have long held that § 1983 provides the exclusive remedy for constitutional violations." *Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014) (citation omitted).

It is undisputed that the Commonwealth is a state and the Cabinet is a state agency. (Defs.' Mem. Supp. Mot. Dismiss 5, DN 12-1). A state and its agencies are not "persons" subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997).

3

Additionally, the Eleventh Amendment to the United States Constitution acts as a bar to all claims for relief against the Cabinet. A state and its agencies, such as the Cabinet, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, and in enacting Section 1983, Congress did not intend to override the traditional sovereign immunity of the states. *See Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004); *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S 332, 341 (1979)). For these reasons, the Court will dismiss any claims against the Cabinet for failure to state a claim upon which relief may be granted and for seeking relief from a defendant immune from such relief.

The official-capacity claims for damages against Miley will also be dismissed. First, Miley is not a person subject to suit within the meaning of Section 1983 when sued in his official capacity for monetary damages. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a Section 1983 claim); *Burrell v. Sumner*, 166 F.3d 1213, 1998 WL 786979, at *1 (6th Cir. Oct. 29, 1998) (finding that state employees sued in their official capacity are not persons who may be sued for damages under Section 1983). Second, Miley, as a state official and employee sued in his official capacity for damages, is absolutely immune from liability under the Eleventh Amendment to the United States Constitution in federal court. *Will*, 491 U.S. at 71, *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity." (citations omitted)).

Finally, regarding Carver's unspecified request for "injunctive relief[,]" even a pro se plaintiff's "'conclusory requests for "injunctive relief"' are not sufficient to trigger the [*Ex Parte*] *Young* doctrine." *Davis v. Westchester Cty. Family Court*, No. 16-CV-9487 (KMK), 2017 WL 4311039, at *6 (S.D.N.Y. Sept. 26, 2017) (dismissing *pro se* plaintiff's request for "unspecified 'injunctive relief'"). Like in *Davis*, Carver "makes no effort to rebut [Defendants'] contention" as he has not responded to Defendants' motion to dismiss. *Davis*, 2017 WL 4311039, at *6. "Accordingly, absent an exception, Plaintiff's claims against [Miley] in [his] official capacity are barred by sovereign immunity." *Id*.

To the extent Carver attempts to assert any other claims against Defendants, Carver has simply not articulated any coherent basis for them. Besides generally alleging that Miley and the Cabinet "conspired" against him, Carver had not supported this assertion with any factual allegation whatsoever. The Court recognizes that "pro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (citation omitted). That being said, "courts have not been willing to abrogate basic pleading essentials in pro se suits. . . . [T]he less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Perry v. United States*, 90 F. App'x 860, 861 (6th Cir. 2004) (internal citation omitted) (citation omitted). Simply put, Carver has "not explain[ed] how [Defendants] violated any particular statute or regulation . . . ." *Turner v. Metro. Sav. Bank*, 182 F.3d 918, 1999 WL 454696, at *1 (6th Cir. 1999) (citation omitted). "The Court's duty to construe a pro se complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Children*, No. 3:07-CV-11-S, 2007 WL 2462184, at *4 (W.D. Ky.

5

Aug. 29, 2007) (citation omitted). "Courts are not required to entertain a pro se plaintiff's claim that 'defies comprehension' of allegations that amount to nothing more than 'incoherent ramblings.'" *Green v. Bornstein*, No. 3:17-cv-201-DJH-DW, 2018 WL 2392550, at *1 (W.D. Ky. May 25, 2018) (citation omitted). In this case, the allegations in the Complaint are incoherent and fail to provide Defendant fair notice of the basis for Carver's claim.

As such, all of Carver's claims against the Commonwealth and Miley in his official capacity will be dismissed with prejudice. *See Lawson v. Wilson*, No. 10-CV-310-HRW, 2011 WL 1549435, at *5-6 (E.D. Ky. Apr. 21, 2011) (dismissing with prejudice plaintiff's Section 1983 claims against parties not considered "person[s]").

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 12) is **GRANTED**. Plaintiff's claims against the Commonwealth of Kentucky Cabinet for Unemployment Insurance and Referee N. Miley are **DISMISSED WITH PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

March 16, 2020

cc: counsel of record
Roy Anderson Carver, Jr., *pro se*