UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00099-GNS-HBB

ROY ANDERSON CARVER, JR.                                    PLAINTIFF

v.

HOUCHENS FOOD GROUP, INC.; and
CHARLES BLACK                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Houchens Food Group, Inc. and Charles

Black's Motion to Quash Service and Dismiss (DN 16).  The motion is ripe for adjudication.  For

the reasons that follow, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

Pro se Plaintiff Roy Anderson Carver, Jr. ("Carver") filed this action on July 31, 2019,

against numerous defendants, including Houchens Food Group, Inc. ("Houchens") and Charles

Black ("Black")[1] (collectively Defendants).[2]  (Compl. 2-3, DN 1).  Carver asserts a private right

of action under 42 U.S.C. § 1983 claiming a violation of his rights under:  "Title 42 U.S.C. Section

1981 Deprivation of Civil Rights; Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C.

Sections 2000e to 2000e17 (race, color, gender, religion, national origin); The Fair labor Standards

Act of 1938; The Sherman Anti trust Act of 1890 and The Kentucky Civil Rights Act of 1964."

(Compl. 3).  Carver asserts the following as the basis for his purported claims:

> Defendant's conspired to violate plaintiff of his Fourth and Fourteenth Amendment
> Rights to Due Process by revolving nucleus operation of KRS 341,420; KRS
> 341,430; and KRS 341,450 in an "but for show cause" futile and revolving

---

[1] Black appears to be a manager at Houchens.  (Compl. 3).
[2] All of Carver's claims against all other defendants in this action have since been dismissed with
prejudice.  (J. 1, DN 19).

1

appellant process to continue to conceal, deprive, and discourage plaintiff from adequately seeking and preserving his civil rights to deny him his earned benefits thru it's appeal processes from October 7, 2018; November 16, 2018, thru January 24, 2019 to the current[.]

. . .

HOUCHENS FOOD GROUP INC., concealed in an timely manner to conspire to violate plaintiff of his Fourth and Fourteenth Amendment Rights when it failed to file it's [sic] Third Quarter Earnings with the Kentucky and Unemployment Commission as required by law and the failure with the Kentucky Education And Workforce Development Cabinet, Kentucky Unemployment Commission[3] by law was to deny plaintiff his unemployment benefits he filed for on October 13, 2018 after forced separation from employment with HOUCHENS Food Group Inc., and the plaintiff's stalled attempts to litigate his claims effectively thru the Unemployment statutes governing the appeal process pursuant to KRS 341.420; KRS 341.430 and, KRS 341.450 in the state's "but for show cause" with indifference to purposely injure and deprive plaintiff of his earned state benefits and federal civil rights under the Fair Labor Standards Act of 1938; Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act of 1966[.]

(Compl. 4).  Defendants have filed a motion to quash service and a Fed. R. Civ. P. 12(b)(6) motion to dismiss the claims against them.  (Defs.' Mot. Quash Service & Dismiss 10, DN 16).

## II.      <u>JURISDICTION</u>

Federal question jurisdiction is afforded over this action, as Carver asserts all of his purported claims against Defendants under 42 U.S.C. § 1983.  (Compl. 3-4); 28 U.S.C. § 1331.

## III.      <u>DISCUSSION</u>

Defendants make three arguments for dismissal:  (1) Defendants have been improperly served; (2) Carver fails to state a claim upon which relief can be granted; and (3) Carver's action in this case is duplicative of another action he is pursuing against Defendants in this Court.  (Defs.' Mem. Supp. Mot. Quash Service & Dismiss 3-11, DN 16-1).

---

[3] The actual name of what Carver refers to as the "Kentucky Unemployment Commission" is the "Kentucky Unemployment Insurance Commission" ("KUIC").

Defendants argue Carver's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "Rule 12(b)(5) permits defendants to seek dismissal of a plaintiff's complaint because of the insufficiency of service of process." *Oyekunle v. Morgan & Pottinger, P.S.C.*, No. 3:14-CV-00400-TBR, 2016 WL 6977819, at *1 (W.D. Ky. Dec. 9, 2014) (citation omitted). "In considering a motion to dismiss, pursuant to Rule 12(b)(5), this Court must accept as true all well pleaded allegations of the complaint, although reference to the record is permissible to determine the alleged insufficiency of service of process." *Thompson v. Kerr*, 555 F. Supp. 1090, 1093 (S.D. Ohio 1982) (internal citation omitted) (citation omitted).

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering a defendant's motion to dismiss, the Court will "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## A.    <u>Defendant Black</u>

Black's contentions that he was improperly served and that Carver has failed to state a claim upon which relief can be granted against him are well-taken.

3

Service upon Black was attempted by certified mail.  (Summonses 1-2, 12, DN 14).  Black argues, and Carver does not dispute, that service was attempted pursuant to Kentucky state law.  (Defs.' Mem. Supp. Mot. Quash Service & Dismiss 4).  Fed. R. Civ. P. 4(e)(1) allows service to be effected by "following state law for serving a summons . . . ."  Ky. R. Civ. P. 4.01(1)(a) affords service by certified mail but requires "instructions to the delivering postal employee to deliver to the addressee only . . . ."  Ky. R. Civ. P. 4.04(2) requires that service upon an individual be made "to him personally or, if acceptance is refused by offering personal delivery to such person, or by delivering a copy of the summons and of the complaint . . . to an agent authorized by appointment or by law to receive service of process for such individual."

Black argues that there is nothing in the record that shows that the postal employee was instructed to serve the addressee only pursuant to Ky. R. Civ. P. 4.01(1)(a).  (Defs.' Mem. Supp. Mot. Quash Service & Dismiss 5-6).  Black also asserts that he did not sign for the certified mail and that he did not authorize anyone else to sign on his behalf.  (Defs.' Mem. Supp. Mot. Quash Service & Dismiss 5-6).  Upon review of the record, Black's contentions appear to be correct— there is no indication that the postal employee was instructed to serve the addressee only, Black did not sign for the certified mail, and the delivery was received by another individual whom Black asserts he did not authorize to sign for him.  (Summonses 1-2, 12).

This Court dealt with this precise issue, and these exact facts in *Bartley v. Jenny Stuart Medical Center*, No. 5:19-CV-00005-TBR, 2020 WL 854190 (W.D. Ky. Feb. 20, 2020).  Although this Court in *Bartley* recognized that service under these circumstances was improper, dismissal was not granted; rather, the Court extended the deadline for service by 30 days to allow for proper service.  *Id*. at *3.  That being said, Black correctly asserts that Carver has failed to state a claim upon which relief can be granted.  Carver's failure in this regard means that "even if service was

improper, properly serving [Black] would be futile." *Ferry v. Ky. Cabinet for Health & Family Servs.*, No. 3:17-CV-00525-TBR, 2018 WL 701287, at \*6 (W.D. Ky. Feb. 2, 2018).

It is true that "pro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (citation omitted). Even when construing the Complaint in the light most favorable to him and with all the deference that is to be accorded to pro se litigants, the only fair reading of the Complaint is the assertion of a Section 1983 conspiracy claim against Defendants. (Compl. 3-4). Black is a private party, and "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct. Nevertheless, there are circumstances under which private persons may, by their actions, become 'state actors' for § 1983 purposes." *Tahfs v. Proctor*, 316 F.3d 584, 590-91 (6th Cir. 2003) (internal citation omitted). Carver appears to be alleging that Black conspired with the KUIC and a "referee"[4] to deprive him of unemployment benefits. (Compl. 4). "[C]laims of conspiracies between private and state actors, if adequately alleged, generally suffice to establish state action on the part of the private actors for the purpose of deciding a motion to dismiss." *Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir. 2007) (citation omitted). "All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (citations omitted).

---

[4] A referee is an appointed official that adjudicates unemployment benefits claims. *See generally* KRS 341.420.

The problem with Carver's allegation is that he identifies no specific acts on the part of Black giving rise to a conspiracy involving Black.  Nor does Carver identify any specific acts of Black in Carver's response to Defendants' motion to quash service and dismiss.  *See Williams Huron Gardens 397 Tr. v. Twp. of Waterford*, No. 18-cv-12319, 2019 WL 2051967, at *6 (E.D. Mich. Feb. 28, 2019) ("[S]ome courts in this Circuit elect to consider the additional factual information as a supplement to the complaint when the plaintiffs are proceeding *pro se*." (citations omitted)).  Indeed, the only mention of Black in the entirety of Carver's filings is Carver's conclusory assertion that "Defendant's [sic] conspired to violate plaintiff of his Fourth and Fourteenth Amendment Rights to Due Process." (Compl. 4).

"[C]ourts have not been willing to abrogate basic pleading essentials in pro se suits. . . . [T]he less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Perry v. United States*, 90 F. App'x 860, 861 (6th Cir. 2004) (internal citation omitted) (citation omitted).  "The Court's duty to construe a pro se complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Children*, No. 3:07-CV-11-S, 2007 WL 2462184, at *4 (W.D. Ky. Aug. 29, 2007) (citation omitted).  "Courts are not required to entertain a pro se plaintiff's claim that 'defies comprehension' of allegations that amount to nothing more than 'incoherent ramblings.'" *Green v. Bornstein*, No. 3:17-cv-201-DJH-DW, 2018 WL 2392550, at *1 (W.D. Ky. May 25, 2018) (citation omitted).  Carver has neither pleaded in his Complaint nor asserted in his response to Defendants' motion any facts demonstrating Black's involvement in the events giving rise to any of his purported claims in this case.  As such, Carver has not adequately pleaded any claims against Black.

Finally, the Court notes that on March 18, 2019, Carver brought suit against the same defendants as the instant action, alleging in part the unlawful denial of unemployment benefits. *Carver v. Houchens Food Grp., Inc.*, No. 1:19-cv-00031-GNS-CHL (Mar. 18, 2019).[5] Carver's claims against Black in that action are still pending. Carver will not be prejudiced by the dismissal of his claims for lack of factual specificity in this case, as such claims could be pursued in the other action.

For these reasons, all of Carver's claims against Black will be dismissed.

## B.    Defendant Houchens

Houchens makes the same arguments Black does for dismissal—service was ineffective, and Carver has failed to state a claim upon which relief can be granted.

As before, regarding Houchens' service argument, this Court trends toward affording the plaintiff an opportunity to correct alleged service defects before resorting to the remedy of dismissal *See Bartley*, 2020 WL 854190, at *3; *Sanders v. City of Pembroke*, No. 5:19-CV-023-TBR, 2019 WL 3227457, at *5 (W.D. Ky. July 16, 2019). Indeed, Fed. R. Civ. P. 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added).

Pursuant to a previous court order, because Carver is proceeding in forma pauperis under 28 U.S.C. § 1915 in this action, the Clerk of Court and the U.S. Marshals Service ("USMS") were

---

[5] A court may consider documents from other court proceedings on a 12(b)(6) motion to dismiss without transforming that motion into one for summary judgment. *See Watermark Senior Living Ret. Communities, Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425-26 (6th Cir. 2018) (citations omitted).

directed to "issue summons and effect service of process of the complaint . . . ." (Order 1, DN 9);

*see* Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal

or deputy marshal . . . . The court must so order if the plaintiff is authorized to proceed in forma

pauperis under 28 U.S.C. § 1915 . . . ."). It is unclear whether the purported service errors

Houchens alleges were the fault of Carver, the Clerk, or the USMS. The Sixth Circuit has held

that a pro se in forma pauperis plaintiff should not be penalized for service failures attributable to

the Clerk or the USMS. *See, e.g.*, *Abel v. Harp*, 122 F. App'x 248, 250-53 (6th Cir. 2005); *Byrd*

*v. Stone*, 94 F.3d 217, 218-20 (6th Cir. 1996). For these reasons, outright dismissal for insufficient

service would be inappropriate in this case.

Houchens has made the additional argument, however, that Carver has failed to state a

claim upon which relief can be granted. As before, looking at Carver's Complaint and response

to Defendants' motion in the light most favorable to him and with all the due deference afforded

to pro se litigants, only a Section 1983 conspiracy claim against Houchens can be fairly gleaned.

Unlike with Black, however, Carver does expound on the factual circumstances giving rise to that

claim with respect to Houchens' involvement in that purported conspiracy. (Compl. 4; Pl.'s Resp.

Defs.' Mot. Quash Service & Dismiss 2-3, 5, DN 17).

Specifically, Carver characterizes Houchens "as a major empirical multi privately shared

corporation with major monetary contributions at both federal and state political platform

campaignes and charitable organizations . . . ." (Pl.'s Resp. Defs.' Mot. Dismiss 2-3). Carver also

alleges that Houchens is "intertwined with State and Federal Judges, lawyers and other officials

educated in the law . . . ." (Pl.'s Resp. Defs.' Mot. Dismiss 5). The extent of the conspiracy is

alleged to be grounded in Houchens' use of Kentucky's administrative process for determining

whether an unemployment compensation claimant is entitled to unemployment benefits. (Compl.

4).  In support of his alleged conspiracy, Carver cites to KRS 341.420, 341.430, and 341.450, which are statutes that govern the administrative and judicial review process for determining whether an unemployment compensation claimant is entitled to unemployment benefits.  Putting all of this together and construing Carver's filings liberally, it is fairly ascertainable that Carver is alleging that Houchens bribes government officials to do its bidding, in this case, having bribed the KUIC panel and the referee adjudicating his unemployment benefits claim to deny that claim.

"Generally, 'a private party's mere use of the State's dispute resolution machinery, without the 'overt, significant assistance of state officials,' cannot [be considered state action]."  *Tahfs*, 316 F.3d at 591 (alteration in original) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54 (1999)).  "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."  *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

Two cases, however, support denying Houchens' motion to dismiss under Fed. R. Civ. P. 12(b)(6).  First, the U.S. Supreme Court in *Dennis* recognized that when there are "allegations . . . that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge[,] [u]nder these allegations, the private parties conspiring with the judge were acting under color of state law . . . ."  *Id*. at 28.  Because Carver has alleged that the denial of his unemployment benefits by the referee and KUIC panel was due to Houchens' bribery of these individuals, Houchens' argument that it cannot be said to have been acting under color of state law is rejected.  (Defs.' Mot. Quash Service & Dismiss 7-8; Defs.' Reply Mot. Quash Service & Dismiss 3).

Second, contrasting the circumstances of this case with those of the Sixth Circuit's decision in *Tahfs* reveals that Carver's Section 1983 conspiracy claim should survive.  In *Tahfs*, the Sixth

Circuit found the plaintiff's complaint alleging a Section 1983 conspiracy on the part of unnamed state court employees and private parties to be insufficiently pleaded:

> This case diverges from *Dennis* because there has been no previous finding that the . . . judge, or any members of his staff, acted illegally . . . . Indeed, [the plaintiff] assures us she is *not* claiming that the . . . state court judge acted inappropriately when he issued the [orders] the [private parties] requested. Instead, [the plaintiff] makes unverifiable allegations of "corruption" that center on a series of outcomes that have gone against her . . . . [The plaintiff] may not simply list a series of state court rulings that have not gone as she would have liked, make the conclusory allegation that they are the result of corruption, and expect to survive a Rule 12(b)(6) motion. . . . We find it significant that [the plaintiff] does not argue that the state judge's decisions . . . were wrong as matters of law. Most significant, [the plaintiff] never identifies the state court actors with whom the [private parties] allegedly conspired, other than to designate them as [state court] staff members. It is clear that, even with discovery, [the plaintiff] could not identify these supposedly corrupt individuals because nowhere in her complaint can she identify *behavior*, as opposed to *outcomes*, suggesting corruption. While we are cognizant of the liberal notice pleading standard that prevails under the Federal Rules of Civil Procedure, we are convinced that under no set of circumstances could [the plaintiff] demonstrate, by the allegations made in her complaint, that [the unnamed state court employees] undertook corrupt action in partnership with the [private actor defendants].

*Tahfs*, 316 F.3d at 592 (emphasis in original).

It is true that Carver does not specify any clear-cut judicial, administrative, or otherwise investigatory finding that the referee or KUIC panel acted corruptly in conjunction with denying his unemployment compensation claim. When looking at Carver's filings in the light most favorable to him, however, Carver has indirectly identified the referee and the KUIC panel reviewing his claim as potentially having received Houchens' bribes in exchange for a favorable unemployment benefits ruling. (Compl. 4; Pl.'s Resp. Defs.' Mot. Quash Service & Dismiss 2-3, 5); *see Doe v. Steubenville Police Dep't*, No. 2:16-cv-625, 2017 WL 1551221, at *6 (S.D. Ohio May 1, 2017) ("[I]n contrast [to *Tahfs*], the plaintiffs have identified both the state officials within whom [the private party] allegedly conspired . . . *and* the allegedly conspiratorial actions . . . [taken] to deprive the plaintiffs of their federally protected rights . . . . This simply is not a case of

a bare-bones complaint, like in *Tahfs*." (emphasis in original)). In other words, Carver has identified the actors and their behavior, in addition to suggesting that the merits of those decisions were incorrect as the product of an unscrupulous "revolving" and "futile" appellant process. (Compl. 4; Pl.'s Resp. Defs.' Mot. Quash Service & Dismiss 2-3, 5). Carver's Section 1983 conspiracy claim will survive Houchens' 12(b)(6) motion to dismiss.[6]

Houchens additionally argues that "to the extent Carver is seeking to shoehorn a challenge to his proceedings before the KUIC into a Section 1983 challenge, this Court[] has already dismissed such claims asserted by Carver in a companion case." (Defs.' Mem. Supp. Mot. Quash Service & Dismiss 9). The reason for the dismissal of Carver's claims in the companion case comes from a sister court's decision explaining, "[t]o the extent that the plaintiff means to challenge the unemployment compensation benefits ultimately awarded to her, it appears that this Court does not have jurisdiction." *McGuire v. Bourbon Cmty. Hosp.*, No. 04-480-KSF, 2006 WL 208826, at *5 (E.D. Ky. Jan. 25, 2006). Here though, Carver is not seeking direct judicial review of the merits of the KUIC's denial of his unemployment benefits claim; instead, Carver asserts a Section 1983 conspiracy leading to the denial of those benefits. Houchens cites to no case law supporting the assertion that federal courts do not have jurisdiction over Section 1983 claims for violations of federal rights that may involve indirect review of the merits of the denial of unemployment compensation. *See Lincoln v. True*, 408 F. Supp. 22, 23-24 (W.D Ky. 1975) (ordering the KUIC to pay the plaintiff unemployment benefits after it denied the plaintiff's claim

---

[6] Carver alleges no other ascertainable claim that will be allowed to proceed. As with Carver's purported claims against Black, Carver has not coherently "explain[ed] how [Houchens] violated any [other] particular statute or regulation . . . ." *Turner v. Metro. Sav. Bank*, 182 F.3d 918, 1999 WL 454696, at *1 (6th Cir. 1999) (citation omitted).

because the Court determined that the plaintiff's Section 1983 claim for a violation of her First Amendment right to freedom of religion had merit).

Houchens also argues that this Court has already ruled that Carver's Complaint is deficient and fails to state a claim upon which relief can be granted when the Court dismissed Carver's claims against the other parties to this action.  (Defs.' Reply Mot. Quash Service & Dismiss 4, DN 20).  At that time, however, Carver had not responded to the other parties' motion to dismiss—Carver did not flesh out his factual allegations in a response as he has done in this case.  *See Williams Huron Gardens*, 2019 WL 2051967, at *6 ("[S]ome courts in this Circuit elect to consider the additional factual information as a supplement to the complaint when the plaintiffs are proceeding *pro se*."  (citations omitted)).

Houchens' final argument for dismissal is that this action is duplicative of Carver's other action brought in this Court involving the same defendants and the same general allegations. (Defs.' Mem. Supp. Mot. Quash Service & Dismiss 9-11).  Houchens relies on the "first-to-file" rule in this regard.  (Defs.' Mem. Supp. Mot. Quash Service & Dismiss 9-11).  However, "[c]ourts generally decline to apply the first-to-file rule when the two actions are actively pending before the same judge[,]" instead, applying Fed. R. Civ. P. 42 to consolidate the two actions.  *Powell v. Oldham*, No. 2:16-cv-2907-SHM-TMP, 2018 WL 1249909, at *2-4 (W.D. Tenn. Mar. 9, 2018) (citations omitted).

Consolidation under Fed. R. Civ. P. 42(a)(2) is appropriate "[i]f [the] actions before the court involve a common question of law or fact . . . ."  The actions to be merged here, Nos. 1:19-CV-00031 and 1:19-CV-00099, both involve:  (1) the same parties; (2) the same attorneys; and (3) Carver's same general allegation of a wrongful denial of unemployment benefits giving rise to certain claims.  (Compl. 2-6; No. 1:19-CV-00031, DNs 1, 1-1); *see generally Davis v. Roane Cty.*,

Nos. 3:12-CV-634-TAV-CCS, 3:12-CV-673-TAV-CCS, 2014 WL 6633089, at *1-3 (E.D. Tenn. Nov. 21, 2014) (discussing the appropriateness of the merging of actions); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (rev. 3d ed. Apr. 2019 update ("In the context of legal procedure, 'consolidation' is used in three difference senses [including] [w]hen several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered.  An illustration of this is the situation in which several actions are pending between the same parties stating claims that might have been set out originally as separate counts in one complaint.").  "A district court is permitted to order consolidation pursuant to [Fed. R. Civ. P.] 42(a) *sua sponte*."  *Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 592 (5th Cir. 2018) (citation omitted).

As a final notation as to why consolidation is appropriate in this case, there is no indication in the record of case No. 1:19-CV-00031 that Carver has served Houchens, nor has Houchens ever made a motion to quash service in that case.  As such, consolidation would lead to a more efficient resolution of that issue—the alleged defects in service in both actions could be remedied in one fell swoop, which would allow the entire case to proceed on the merits, or not be remedied, which may lead to the dismissal of the entire action in favor of Houchens.

For these reasons, Nos. 1:19-CV-00031 and 1:19-CV-00099 will be consolidated pursuant to Fed. R. Civ. P. 42(a).  As a matter of clarity, the only surviving claim in the instant action, No. 1:19-CV-00099, is Carver's Section 1983 conspiracy claim against Houchens.  All matters in Nos. 1:19-CV-00031 remain unaffected by any ruling in this matter.[7]

---

[7] Although Black is dismissed from this action, i.e., No. 1:19-CV-00099, there is no indication from case No. 1:19-CV-00031 that Black has been dismissed from that action and appears to remain as a party to that action.  Black's dismissal from this action therefore has no effect on Carver's claims asserted against him in Civil Action No. 1:19-CV-00031.

## IV.   **CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants Houchens

Food Group, Inc. and Charles Black's Motion to Quash Service and to Dismiss (DN 16) is

**GRANTED IN PART** and **DENIED IN PART**.   All of Plaintiff's claims against Black are

**DISMISSED** and Black is therefore dismissed from this action.   All of Plaintiff's claims against

Houchens, except for Plaintiff's Section 1983 conspiracy claim, are **DISMISSED**.   Pursuant to

Fed. R. Civ. P. 42(a)(2), this action, *Carver v. Houchens Food Group, Inc.*, 1:19-CV-00099, will

be consolidated with *Carver v. Houchens Food Group, Inc.*, No. 1:19-CV-00031.   All future filings

shall be made in Civil Action No. 1:19-CV-00031.

Greg N. Stivers, Chief Judge

United States District Court

May 6, 2020

cc:      counsel of record

14